IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JUSTIN P. HOOKER and L. H., a minor, by and through her parent, JUSTIN P. HOOKER,<br><br>Plaintiffs,<br><br>vs.<br><br>HOBBY LOBBY STORES, INC.,<br><br>Defendants. | CV-25-112-GF-JTJ<br><br>ORDER |

## I. INTRODUCTION

On December 31, 2025, Plaintiffs Justin P. Hooker and L. H., a minor, by and through her parent and legal guardian, Justin P. Hooker (Hooker) filed a Complaint against Defendant Hobby Lobby Stores, Inc., (Hobby Lobby) alleging claims for Count I: Premises Liability; (for Justin) Count II: Negligence; (for Justin) and Count III: Negligent Infliction of Emotional Distress (for L. W). (Doc. 1).

Hooker's claims are based upon an incident that occurred on February 4, 2023, in the Hobby Lobby store located in Great Falls, Montana. Hooker alleges that while he and his daughter, L. H, were walking through the craft paper aisle of the store, he moved past a woman who was squatting down to view items on the lower shelves

and slipped. (Id., ¶¶ 8-9). Hooker alleges as he fell forward, he extended his right arm to catch himself and his arm hit a display shelf, which had a glass and metal divider affixed vertically to it. (Id., ¶¶ 10-11). Hooker alleges the glass and metal divider cut his arm, causing his right wrist to be lacerated, severing his ulnar artery, ulnar nerve, various superficial nerves and multiple tendons in his third, fourth and fifth digits on his right hand. (Id., ¶¶ 16-17 and 27). Hooker alleges he underwent surgery, but his right hand remains partially paralyzed. (Id., ¶¶ 29 and 34). Hooker alleges L.H. suffered damages by witnessing her father's severe injuries. (Id., ¶¶ 37 and 38).

On October 1, 2026, Hooker filed a Motion for Sanctions for Spoliation and a brief in support. (Docs. 17 and 18). Hooker alleges that Hobby Lobby disposed of critical evidence, specifically the metal shelf and broken glass divider that injured him. (Doc. 18, p. 1). Hooker contends Hobby Lobby should be sanctioned and asks for the sanction of default on liability. (Id., p. 2). Hobby Lobby opposes the motion. (Doc. 19). Hooker filed a reply brief. (Doc. 25). The Court heard oral argument on November 12, 2026.

## II. LEGAL STANDARDS

Federal courts have the inherent power and broad discretion to levy appropriate sanctions in response to abusive litigation practices *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Spoliation "is the destruction or significant

alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009). Courts generally look for three elements to determine if sanctionable spoilation has occurred): (1) a duty to preserve the evidence at the time of destruction; (2) culpability for the destruction and (3) relevance of the destroyed evidence to a claim or defense. *Sararo v. Paws Up Ranch, LLC,* 2026 WL 2428179 at *3 (D. Mont. August 19, 2026).

If spoliation is found, the Court must determine what sanction is appropriate. *Id.* at *4. Courts must determine the appropriate sanction "on a case by case basis", and the sanction "should be commensurate to the spoliating party's motive or degree of fault in destroying the evidence and the degree of prejudice suffered by the movant." *Id.*

The court should consider five factors "[b]efore imposing the harsh sanction of dismissal":

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its dockets;

(3) the risk of prejudice to the party seeking sanctions;

(4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions.

Additionally, "[a] finding of 'willfulness, fault, or bad faith' is required for

dismissal to be proper."

*Pacific Webster v. Psychiatric Medical Care, LLC*, 386 F. Supp. 3d 1958, 1361-62, (D. Mont. 2019), citing *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (quoting *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993)).

In determining whether to impose a dispositive sanction, courts have also assessed the following factors: "(1) the presence of extraordinary circumstances; (2) willfulness, bad faith, or fault of the offending party; (3) the relationship between the misconduct and the matters in controversy; (4) the risk of prejudice to the party seeking sanctions; (5) the public policy favoring disposition of cases on their merits; and (6) the efficacy and availability of lesser sanctions." *Sararo* at *5.

## III. DISCUSSION

### Hooker's Motion for Sanctions is premature

Hooker contends that Hobby Lobby's destruction of the metal shelf and broken glass divider that injured him should be sanctioned by default on liability. (Doc. 18, p. 2). During oral argument Hooker maintained that without this evidence, he is unable to obtain an expert to support his theory of liability that the injury occurred in the manner he alleges. Hooker argued that he is extremely prejudiced by the destruction of this critical evidence as it prevents him from being able to show the unsafe glass divider was the mechanism of his injury, especially considering

Hobby Lobby's position that its premises were reasonably safe and Hooker was responsible for his own injuries.

Hobby Lobby agrees that Hooker was injured by either the glass or the bracket on the glass divider. However, Hobby Lobby contends that the essential question for a jury to decide is not "what" caused Hooker's injuries, but "why" he fell. Hobby Lobby argues that even if the glass divider was preserved, it would only show its condition after it was shattered. Hooker can still view exemplars of the bracket dividers and argue that they are unsafe. Hobby Lobby contends, therefore, that a sanction of default on liability is too severe.

The Court finds that its determination of the appropriate sanction for Hobby Lobby's spoliation of the metal shelf and glass divider requires a more fully developed factual record. Discovery will fill the factual gaps to allow the Court to ascertain the willfulness of Hobby Lobby's conduct, and the degree to which this conduct impaired and prejudiced Hooker's ability to prove his claims. Until then, a decision on sanctions is premature.

Accordingly, the Court denies Hooker's Motion for Sanctions for Spoliation (Doc. 17) as premature. Hooker may file a motion for sanctions once discovery is completed if the facts justify such a motion.

DATED this 17th day of November 2026.

John Johnston
United States Magistrate Judge